UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) CASE NO.  20-00523 |
| BENJAMIN W. VANHORN | ) |
| | ) APPLICATION FOR APPROVAL OF |
| | ) EMPLOYMENT OF ATTORNEY OR |
| | ) ACCOUNTANT:  RECOMMENDATION |
| Debtor(s). | ) AND ORDER |

1. Applicant is the trustee in this case.

2. Applicant believes that the employment of an Attorney is necessary to represent or assist in any legal matters as they pertain to objections to exemption, recovery of potential fraudulent transfers and any other legal matters within this case.

3. Eric W. Lam and the firm of Simmons Perrine Moyer Bergman PLC are qualified by reason of practice and experience to render such representation or assistance.

4. The fees for services rendered by Eric W. Lam and the firm of Simmons Perrine Moyer & Bergman P.L.C. in the performance of duties on behalf of the estate will be $350.00 per hour plus reimbursement of out-of-pocket expenses.

5. The applicant has disclosed to the undersigned that they have the following connections with the debtor(s), creditors, or any other parties-in-interest:

    None except Applicant's firm in other unrelated matters has been adverse to and/or represented IMT Insurance, Upper Explorerland, Van Buren County, U.S. Department of Education, Spahn & Rose, Progressive, Mediacom, Kahn Tile, Hawkeye Sanitation, Hacker, Nelson & Co, First Premier Bank, Farm Bureau Financial, Capital One, Bruening Rock, Bank of the West, Alliant Energy, and ABC Supply, who are creditors and parties in interest in this case, but are not the primary targets of the Trustee's pursuit, even though Applicant's firm has been adverse to or has served as counsel for these entities. Applicant's firm has also served Marine Credit Union, and the Credit Union may be a target of Applicant's pursuit.

(1)

But Applicant's firm's work for Marine Credit Union occurred 12 years ago. Applicant therefore reasonably believes there is no conflict. Lastly, Applicant has advised the Trustee that Applicant cannot serve the Trustee in any matters involving Decorah Bank & Trust.

WHEREFORE, applicant prays that the Court approve the employment of Eric W. Lam, and the firm of Simmons Perrine Moyer Bergman PLC for the purposes described herein, subject to the approval of any compensation and expenses by the court in accordance with 11 U.S.C. §328(a).

Dated:_____06/02/2020_____        ___/s/ Sheryl L. Schnittjer_____
                                    SHERYL L. SCHNITTJER
                                    CHAPTER 7 TRUSTEE
                                    24695 207th Ave.
                                    Delhi, IA  52223

RULE 2104(a) VERIFICATION

I, Eric W. Lam, of Simmons Perrine Moyer Bergman PLC, named in the foregoing Report, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge and belief.

Dated:_____06/04/2020_____        __/s/ Eric W. Lam_____
                                      Eric W. Lam
                                      SIMMONS PERRINE MOYER
                                      BERGMAN PLC
                                      115 Third St. SE, Ste. 1200
                                      Cedar Rapids, IA  52401

RECOMMENDATION OF THE UNITED STATES TRUSTEE

Based on the Application made by the trustee, I recommend that the professional employment applied for by the trustee be approved for the purpose indicated in the application.

Dated:___6/5/20_____        United States Trustee, Region 12

                                      By:__/s/ Janet G. Reasoner_____
                                          ID #76543

(2)

## ORDER

Upon the foregoing Application and Recommendation and for cause shown, and pursuant to the provisions of Title 11, United States Code, §327, it is

ORDERED, the professional employment applied for is hereby APPROVED subject to the limitations provided for by Title 11, United States Code, §328.

Dated and Entered_____.

_____
UNITED STATES BANKRUPTCY JUDGE